UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) <br> VIVIAN ROBERSON, ) <br>         Plaintiff ) <br>     v. ) <br> ) <br> THE PRUDENTIAL INSURANCE ) <br> COMPANY OF AMERICA, ) <br>         Defendant ) <br> _____) | CIVIL ACTION NO. |

## **COMPLAINT**

The Plaintiff, VIVIAN ROBERSON ("ROBERSON"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSUANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### **JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. ROBERSON brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. ROBERSON was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, authorized to transact and is transacting business in the District of Massachusetts.

4.  Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the District of Massachusetts and "may be found" in the District of Massachusetts.

## FACTUAL ALLEGATIONS

5.  This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to ROBERSON by PRUDENTIAL.

6.  ROBERSON was at all times material an employee of MASSCHUSETTS INSTITUTE OF TECHNOLOGY. ("M.I.T.").

7.  ROBERSON was at all times material a plan participant under the M.I.T. Benefit Plan, Group Policy No. 46679 (the "LTD Plan") which is established by M.I.T. and pursuant to which ROBERSON is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8.  The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9.  PRUDENTIAL is the insurer of benefits under the LTD Plan and was appointed by M.I.T., the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, ROBERSON is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to PRUDENTIAL,

> **Definition of Disability**
>
> "A covered employee will be considered totally disabled if the employee is prevented by bodily injury, sickness, disease, or mental disorder from engaging in the person's own occupation, except that after 24 months from the beginning of payment of benefits under this Plan, the perso will be considered totally disabled only if the person is prevented by bodily injury, sickness, disease, or mental disorder from engaging in any occupation for which the person is reasonably fitted by education, training or experience, as determined by the Benefits Office, in its sole discretion.
>
> Disability resulting from one or more of the following causes will not constitute a total disability under this Plan:
>
> a) intentionally self-inflicted injuries; and
> b) active military duty, declared or undeclared war (unless the Institute assigns the employee to temporary duty in a war zone), voluntary participation in a rebellion, in a riot, or in the commission or attempted commission of any unlawful act."

13. Since approximately June 8, 2017 ROBERSON has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, ROBERSON made a claim to M.I.T. under the LTD Plan for disability benefit.

15. By letter dated April 6, 2018 PRUDENTIAL notified ROBERSON of their decision to deny her LTD benefits.

16. By letter dated April 17, 2018 ROBERSON timely appealed PRUDENTIAL'S adverse benefit determination.

17. By letter dated July 23, 2018 PRUDENTIAL again notified ROBERSON of their decision to deny her LTD benefits.

18. By letter dated August 27, 2018 ROBERSON timely appealed PRUDENTIAL'S adverse benefit determination.

19. By letter dated December 18, 2018 PRUDENTIAL affirmed its adverse determination and advised ROBERSON that she has the right to file a lawsuit under ERISA.

20. At all relevant times, ROBERSON complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all relevant times, as a result of sickness or injury, ROBERSON has been unable to perform the important duties of her regular job with M.I.T. or any job for which she was reasonably qualified.

22. At all relevant times, ROBERSON has been under the regular care of a doctor.

23. At all relevant times, ROBERSON was a Covered Person under the LTD Plan.

24. From June 8, 2017 to the present date, ROBERSON has not received benefits owed to her under the LTD Plan, despite ROBERSON's right to these benefits.

25. At all relevant times, PRUDENTIAL was the payer of benefits.

26. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, PRUDENTIAL was the Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, ROBERSON has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

29. ROBERSON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. ROBERSON incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), ROBERSON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. ROBERSON has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL'S failure to pay her disability benefits.

34. ROBERSON has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to ROBERSON at a time when PRUDENTIAL knew, or should have known, that ROBERSON was entitled to those benefits under the terms of the LTD Plan, as ROBERSON was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of ROBERSON's claim for LTD benefits;

(c) After ROBERSON's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to ROBERSON any additional material or information necessary for ROBERSON to perfect her claim, along with an explanation of why such material is or was necessary.

(d) PRUDENTIAL failed to properly and adequately investigate the merits of ROBERSON's disability claim and failed to provide a full and fair review of ROBERSON's claim.

36. ROBERSON believes and thereon alleges that PRUDENTIAL wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which ROBERSON is presently unaware, but which may be discovered in this future litigation and which ROBERSON will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by ROBERSON.

37. Following the denial of benefits under the LTD Plan, ROBERSON exhausted all administrative remedies required under ERISA, and ROBERSON has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, ROBERSON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding ROBERSON's claim for benefits, ROBERSON, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), ROBERSON is entitled to have such fees and costs paid by PRUDENTIAL.

40. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, ROBERSON is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, SUSAN ROBERSON prays for relief against PRUDENTIAL LIFE ASSURANCE COMPANY OF BOSTON as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability,

and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 3, 2019

                            ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Jay P. Symonds*
JAY P. SYMONDS, ESQUIRE
BBO No: 637972
Email: jay@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
BBO No: 677565
Email: gdell@diattorney.com